McIlvaine, J.
It was shown by the testimony, that the plaintiff had occupied the property claimed by her, from about the year 1843 until the time of trial, a period of thirty years, claiming title, and that, in 1863, one Margaret Stacy had executed to her a quitclaim deed for the same, expressing therein to be in consideration of one dollar. It is claimed by plaintiff in error, that, in an action of this kind, *97 where the right of possession, is not in dispute, hut the right of property is, continued adverse possession is not enough to show title, and that the court erred, on this point, in the charge. We think the testimony on this question was quite sufficient to sustain the verdict, and when the charge is regarded in the light of the undisputed facts in the case, the plaintiff in error has no ground of complaint.
2. The issue as to the plaintiff’s marriage, was important in the case only as it related to the defense under the statute of limitations. The testimony showed that the plaintiff and Mr. Cobh had been living and cohabiting as husband and wife for many years previous to the construction of the railroad, and had been regarded and treated in the neighborhood as husband and wife, down to the date of the trial below. Upon such evidence the jury was warranted in finding the marriage, and the court did not err in its instructions on this point.
By the provisions of the general statute of limitations,, married women are saved from its operation. § 19, Civil Code of 1853. And if it were conceded (a point we do not. find it necessary now to decide) that the amendment of section 28 of the civil code (67 Ohio L. Ill), giving a married woman the right to sue in her own name, in actions-like the present, withdrew the protection of coverture, still the period of four years, limited by the general statute for the commencement of such an action, had not transpired from the date of the passage of that amended section before the original action was commenced.
3. It is contended, however, that the period within which the plaintiff was limited in the bringing of her action is controlled and limited to two years by section 12 of the corporation act as amended in 1857. 8. & G. 278. This section, after providing that railroad companies might acquire the right to occupy and use public highways for railroad purposes under an agreement with the public authorities having charge of the highway, or in case of inability to agree by an appropriation, as in case of the appropria *98 tion of private property, contains the following proviso: That every railroad company laying down any such track or tracks, upon any such public street, road, alley, or other public grounds, shall be responsible for injuries done to private property by such location, lying upon or near to such public ground, which may be recovered by civil action brought by the owner or owners, at any time within two years from the completion of such track or tracks, before the proper court.”
Now, it is claimed, first, that married women are not saved from the operation of the special limitation provided in this section ; and, second, if she were protected previous to the amendment of section 28 of the civil code (above cited), that more 'than two years elapsed after the passage of the amended section and before the commencement of this suit. Here again we have presented questions which we do not find it necessary to decide. In our opinion the limitation of two years within which the action must be commenced, applies only where the injury to adjacent property results from the occupation of a public highway or other public-grounds by a railroad company under an agreement with the proper public authorities or by appropriate proceedings under the statute in such case made and provided; and that a railroad company who occupies a public highway without such agreement or appropriation ■can not claim the protection of the limitation provided in said section 12.
And it appears from the record before us that the defendant below had not acquired the right to construct its road upon the highway, either by an agreement with the proper authorities or by proceedings to appropriate.
4. Nor was there error in the charge of the court in respect to the amount of damages. The rule of damages in such case is compensation for the injury, or, in other words, that the injured party should be made whole. And while it is true that such a claim is not one, which,-under the statute, bears interest, nevertheless, if reparation for the injury is delayed for a long time by the wrong-doer, *99 the injured party can not be made whole unless the damages awarded include compensation, in the nature of interest, for withholding the reparation which ought to have been promptly made.

Judgment affirmed.